NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2020 CA 0799

KAYLA E'LANA WATSON

VERSUS

DANIEL CHRISTOPHER BANGUEL

Judgment rendered____SEP 3 0 2021____

\* \* \* \* \*

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C692986, Sec. 22

The Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \*

| Kayla E'Lana Watson<br>Baton Rouge, Louisiana | Plaintiff/Appellee<br>In proper person |
|---|---|
| Beau James Brock<br>Lori E. Palmintier<br>Baton Rouge, Louisiana | Attorneys for Defendant/Appellant<br>Daniel Christopher Banguel |

\* \* \* \* \*

BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.

McDonald, J. dissents and assigns reasons.

**HOLDRIDGE, J.**

Defendant, Daniel Christopher Banguel, appeals a judgment granting plaintiff, Kayla E'Lana Watson, an Order of Protection from stalking against Mr. Banguel. We dismiss the appeal as moot.

## BACKGROUND

On January 17, 2020, Ms. Watson filed a petition for protection from stalking pursuant to La. R.S. 46:2171 against Mr. Banguel. On January 21, 2020, the trial court issued a temporary restraining order against Mr. Banguel, finding that the allegations of the petition constituted an immediate and present danger of stalking. The temporary restraining order was effective through February 12, 2020. Mr. Banguel was ordered to show cause on February 5, 2020 why the temporary restraining order or other relief requested should not be confirmed in a protective order. A hearing on the motion was held on February 5, 2020, at which time both Ms. Watson and Mr. Banguel testified and offered documentary evidence. After making a credibility determination, the trial court ruled that Ms. Watson was entitled to a protective order.

On February 5, 2020, the trial court issued an Order of Protection pursuant to La. R.S. 46:2171 *et seq.* (non-intimate stalking) against Mr. Banguel, effective through February 5, 2021. The trial court marked an "X" and initialed seven boxes on the Protective Order, prohibiting Mr. Banguel from: (1) stalking Ms. Watson; (2) communicating with her through third parties or public postings; (3) going within 100 yards of Ms. Watson, (4) going within 100 yards of her residence; (5) going to any place where Ms. Watson may be working; (6) damaging any of Ms. Watson's property; and (7) contacting Ms. Watson's family members or acquaintances. The form contained boxes to designate that the first five prohibitions did not expire;

2

however, none of those boxes were checked by the trial court. Thus, the Protective Order was set to expire on February 5, 2021.

Mr. Banguel filed a motion for a judgment notwithstanding the verdict or a new trial. On February 12, 2020, the trial court denied the motion. Mr. Banguel then filed a motion for a suspensive appeal of the February 5, 2020 judgment on March 2, 2020. Although the trial court initially granted Mr. Banguel a devolutive appeal on March 4, 2020, the trial court granted Mr. Banguel a suspensive appeal of the Protective Order on May 22, 2020. The appeal bond was set at $1,000.00, which Mr. Banguel paid on June 4, 2020. Therefore, in accordance with the terms Protective Order, the order expired on February 5, 2021, while the matter was on appeal.

It is well settled that a court will not decide abstract, hypothetical, or moot controversies, or render advisory opinions with respect to such controversies. **Cat's Meow, Inc. v. City of New Orleans through Department of Finance**, 98-0601 (La. 10/20/98); 720 So.2d 1186, 1193. An issue is moot when a judgment or decree on that issue has been deprived of practical significance. Id. A case is moot when a rendered judgment can give no useful purpose and give no practical relief or effect. When a case is moot, there is no subject matter on which the court can operate; thus, jurisdiction, once established, may abate if a case becomes moot. Id; **Parker v. Senate of the State of Louisiana**, 2015-0048 (La. App. 1st Cir. 9/21/15) 2015 WL 5547476 (holding that where the plaintiffs sought injunctive relief to enjoin the State of Louisiana from enforcing a resolution to prevent the closure of a state hospital, and the hospital was closed during the pendency of the appeal of the preliminary injunction, the challenge to the propriety of the resolution was mooted when the activity the plaintiffs sought to enjoin had already occurred).

3

The Protective Order that is the subject of this appeal expired on February 5, 2021. We find that the issues raised in this appeal contesting the Protective Order are moot. We are prohibited from examining moot controversies; therefore, we dismiss the appeal.[1] See **Edward v. Badie**, 2019-0332 (La. App. 4th Cir. 8/28/19), 282 So.3d 269, 271 (dismissing a devolutive appeal of a Protective Order as moot where the order expired during the pendency of the appeal, the appellate court issued a show cause as to why the appeal should not be dismissed as moot, and the court received no timely response to the show cause order).

## CONCLUSION

Based on the foregoing, we find that the subject matter of this appeal has been rendered moot by the expiration of the Protective Order. Accordingly, the appeal is dismissed as moot. All costs of this appeal are assessed to appellant, Daniel Banguel.

**APPEAL DISMISSED.**

---

[1] In light of this ruling, we make no determination as to the validity of the initial granting of the February 5, 2020 Protective Order.

4

KAYLA E'LANA WATSON                    STATE OF LOUISIANA

                                       COURT OF APPEAL
VERSUS

                                       FIRST CIRCUIT

DANIEL CHRISTOPHER BANGUEL     NUMBER 2020 CA 0799

McDONALD, J., dissenting.

The majority opinion finds that because the Order of Protection has expired, the case is moot. However, the Protective Order had not expired when Mr. Banguel filed his appeal.

The majority relies in part upon the case of **Parker v. Senate of the State of Louisiana**, 2015-0048 (La. App. 1 Cir. 9/21/15), 2015 WL 5547476 in its determination that a case is moot when a rendered judgment can give no useful purpose and give no practical relief or effect. In **Parker**, the Louisiana Legislature adopted Senate Concurrent Resolution 48 (SCR 48), which, among other things, approved the closure of the Huey P. Long (HPL) Medical Center in Pineville, Louisiana. The plaintiffs, employees of HPL Medical Center, and/or the employee's representatives, filed a petition for declaratory and injunctive relief pursuant to the Louisiana Open Meetings Law, claiming that SCR 48 was null and void because the Senate failed to provide adequate public notice of SCR 48, and that SCR 48 was unconstitutional because it failed to meet the requirements of La. Const. Art. 3 for legislative instruments that amend or enact law. The plaintiffs sought a declaration that SCR 48 was null and void, statutory damages, and a preliminary, and in due course, permanent injunction, along with attorney fees, costs, and damages. They sought to enjoin the defendants from applying, enforcing, and/or implementing the provisions of SCR 48, and they sought a declaration that SCR 48 was passed in violation of the Louisiana Constitution. **Parker**, 2015 WL 5547476 at *1.

1

Following a hearing, the trial court enjoined defendants from enforcing, applying, and/or implementing SCR 48 and closing HPL Medical Center. The trial court suspended the enforcement of the injunction upon the defendants' perfecting an appeal. The defendants appealed and sought review with the Louisiana Supreme Court based upon the trial court's oral reasons finding that SCR 48 violated the Louisiana Constitution. The Supreme Court dismissed the appeal, finding that the trial court's reasons were not part of the judgment, and transferred the appeal to this court. **Parker**, 2015 WL 5547476 at *2.

This court found that although the trial court granted the preliminary injunction, the suspension of the injunction had the effect of a denial of injunctive relief, because the Senate, Board, and State could move forward with their plans to close HPL Medical Center in accordance with SCR 48. Further, the parties acknowledged on appeal that HPL Medical Center was, in fact, closed during the pendency of the appeal of the preliminary injunction. **Parker**, 2015 WL 5547476 at *3.

I do not believe that all injunctions are the same and can be packed into the same box. There are different kinds of injunctive relief that should have individual properties and should be subject to individual rules. An injunction affecting property is markedly different from a Protective Order that involves personal rights. In **Parker** the purpose and cause of the injunction had ceased to exist. The medical center had already been closed. The same would not be true for a Protective Order. Because it is personal in nature, the purpose and cause could continue unless a party died. Thus, I find **Parker** distinguishable from the facts in the present case.

I believe a more relevant case is **Edward v. Badie**, 2019-0332 (La. App. 4 Cir. 8/28/19), 282 So.3d 269, since it also involved an appeal of a

2

Protective Order. The Protective Order was issued on July 27, 2018, and expired on July 27, 2019. A devolutive appeal was timely filed in August 2018. However, there were continuing issues with compiling the appellate record that continued on into August, 2019. The Louisiana Fourth Circuit Court of Appeal issued a Rule to Show Cause why the appeal should not be dismissed as moot since the Protective Order had already expired. No timely responses were received and the court dismissed the appeal as moot. This is similar to the facts in the present case. A distinguishing fact, however, is that the appeal and record were properly and timely filed by Mr. Banguel and are properly before us. However, even if this is a distinction without a difference, I disagree with the **Edward** court and find no precedential value in it since it did not originate with the First Circuit.

In the present case, Mr. Banguel has lost the opportunity to appeal the merits of a Protective Order which was never enforceable because it was suspended for the duration of the appeal, and expired during the appeal. The purpose of his appeal was to address the merits of the Protective Order. The majority references **Cat's Meow, Inc. v. City of New Orleans through Department of Finance**, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193 for the proposition that an issue is moot when a rendered judgment can give no useful purpose and give no practical relief or effect. I disagree with the majority that this matter is moot. The entry of the Protective Order could have long-lasting effects upon Mr. Banguel's life.

Louisiana Revised Statutes 46:2136.2(A) provides in part that the Louisiana Protective Order Registry shall collect data regarding abuse prevention orders transmitted to it from the courts, law enforcement, and private process servers of the state and enter it into the Registry. If Mr. Banguel had the Protective Order overturned on appeal, he would have had

3

the right to have the Protective Order expunged from the Louisiana Protective Order Registry. La. R.S. 46:2136.2(E). Being listed on the Louisiana Protective Order Registry may affect Mr. Banguel's ability to be licensed to practice law, or to get a job. Thus, I believe that by finding the appeal moot, the majority opinion denies Mr. Banguel his due process rights.

Additionally, without expedited treatment as in child custody cases, by the time the appeal of a Protective Order is lodged, docketed, argued, and decided, most will be moot. Even if the duration of the Protective Order is less than 12 months, a party should still have a right to appeal it. If the case takes longer to be decided by the appellate court than the time the Protective Order is in effect, all appeals of Protective Orders will be declared moot.

For these reasons I respectfully dissent and would consider the merits of Mr. Banguel's appeal.